UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

26 JOICE, LLC,

        Plaintiff,

        v.

MITCHELL HONG, et al.,

        Defendants.

_____/

No. C 12-0013 PJH

**ORDER GRANTING MOTION TO REMAND**

Defendants Mitchell Hong and Stephanie Chung Hong removed this unlawful detainer action from the Superior Court of California, County of San Francisco, on January 3, 2012, alleging federal question jurisdiction.

On January 25, 2012, plaintiff 26 Joice LLC ("26 Joice") filed a motion to remand for lack of subject matter jurisdiction. Defendants did not file an opposition within the time set by Civil Local Rule 7-3(a).[1] On February 9, 2012, plaintiff renoticed the hearing for March 21, 2012.

The court has reviewed the notice of removal, the state court complaint, and the plaintiff's motion, and finds that the motion must be GRANTED, and the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of

_____

[1] Although the hearing date was vacated pursuant to the February 7, 2012 order reassigning the case, that did not alter the briefing schedule. See Civ. L.R. 7-7(d).

United States District Court

For the Northern District of California

1    citizenship or a federal question, or those to which the United States is a party.

2    Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-

3    Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992)

4    (federal courts have no power to consider claims for which they lack subject-matter

5    jurisdiction).

6         A defendant may remove a civil action filed in state court if the action could have

7    originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are

8    construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas

9    Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

10   Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

11        The burden of establishing federal jurisdiction for purposes of removal is on the party

12   seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The

13   district court must remand the case if it appears before final judgment that the court lacks

14   subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker

15   Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

16        Subject matter jurisdiction is determined from the face of the complaint. Toumajian

17   v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal

18   question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams,

19   482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly

20   pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90

21   (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the

22   complaint). Jurisdiction may not be based on a claim raised as a defense or a

23   counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

24        Plaintiff filed the complaint at issue in San Francisco Superior Court on November

25   15, 2011, against defendants Mitchell Hong and Stephanie Chung Hong, and ten DOE

26   defendants. The complaint alleges a single cause of action under state law, for unlawful

27   detainer to recover possession of property following a non-judicial foreclosure sale of the

28   property.

2

United States District Court

For the Northern District of California

1    On September 7, 2011, the property was sold in a trustee's sale to Bridgeway Vista,

2  LP ("Bridgeway Vista").  The Trustee's Deed Upon Sale was recorded in the Official

3  Records in the County of San Francisco on September 9, 2011.  Thereafter, the property

4  was sold by Bridgeway Vista to 26 Joice.  The Grant Deed from Bridgeway Vista to 26

5  Joice, which is dated October 13, 2011, was recorded in the Official Records of the County

6  of San Francisco on October 14, 2011.

7    A copy of the unlawful detainer complaint, and the October 13, 2011 Grant Deed

8  from Broadway Vista to 26 Joice are attached as exhibits to defendants' notice of removal.

9  A copy of the Trustee's Deed Upon Sale to Bridgeway Vista is attached as an exhibit to

10  plaintiff's request for judicial notice in support of the motion to remand.

11    The complaint asserts that following the sale from Bridgeway Vista to 26 Joice, on

12  October 28, 2011, defendants were served with a Three-Day Notice to Quit the property,

13  and that defendants failed to comply with the notice to vacate, which expired on October

14  31, 2011, and unlawfully remained in possession of the property as of the date of filing of

15  the complaint.  Defendants demurred to the complaint, asserting that the Three-Day Notice

16  was procedurally defective, but (according to the notice of removal) the Superior Court

17  overruled the demurrer.

18    The notice of removal alleges no facts from which the court can find that it has

19  federal question jurisdiction under 28 U.S.C. § 1331.  Defendants assert that jurisdiction is

20  proper under the laws of the United States, because their demurrer "depend[s] on the

21  determination of Defendants' rights and Plaintiff's duties under federal law."  Notice of

22  Removal ¶ 10.

23    However, while defendants purported to remove the action under federal question

24  jurisdiction by asserting that they have claims or defenses based on federal law, the

25  complaint itself does not raise any federal statutory or constitutional provision as the basis

26  for the unlawful detainer action.  Rather, the complaint alleges only a single claim under

27  state law, for "unlawful detainment by former owner after foreclosure and subsequent sal to

28  bona fide purchaser."  As no federal question is raised on the face of the complaint, there is

3

1   no federal question jurisdiction.

2          Nor – although defendants do not so allege – is there diversity jurisdiction under 28

3   U.S.C. § 1332, as the amount in controversy is under $75,000.00.  The complaint specifies

4   on the caption page that the amount in controversy is "less than $2,500.00."  The complaint

5   seeks restitution and possession of the property, and damages in the amount of $333.00

6   per day for each day after October 31, 2011 that defendants continue in possession of the

7   property without the permission of plaintiff, plus costs of suit.  The amount in controversy is

8   not the assessed value or the sales value of the property, but rather the $333.00 per day

9   that plaintiff seeks in damages.  Thus, liability does not exceed $75,000.00.

10         Accordingly, as the court lacks subject matter jurisdiction, and would have no power

11  to consider any of defendants' claims or defenses, the motion to remand is GRANTED.

12  The action is hereby REMANDED to the San Francisco Superior Court.

13         The March 21, 2012 hearing date is VACATED.  The clerk shall close the file and

14  terminate any pending motions.

15

16  **IT IS SO ORDERED.**

17  Dated:  February 9, 2012

18                                                    _____
                                                      PHYLLIS J. HAMILTON
19                                                    United States District Judge

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4